**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SIAVOSH HENAREH,                    :       No. 3:24cv2094
                                    :
                    Plaintiff       :       (Judge Munley)
                                    :
        v.                          :
                                    :
UNITED STATES OF AMERICA,           :       FILED
                                    :       SCRANTON
                    Defendant       :
                                    :       DEC 2 7 2024
                                    :
                                            PER_____DJ_____
                                            DEPUTY CLERK

## MEMORANDUM

Plaintiff Siavosh Henareh ("Henareh"), an inmate confined at the Federal Correctional Institution, Allenwood, Pennsylvania ("FCI-Allenwood"), filed this civil action against the United States under the Federal Tort Claims Act ("FTCA"), and against nine individual defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1).

Henareh seeks to proceed *in forma pauperis*. (Doc. 4). The court has screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. For the following reasons, Henareh's Bivens claims will be dismissed with prejudice and his tort claim will proceed against the United States.

## I.    Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity.  See 28 U.S.C. §

1915(e)(2)[1]; 28 U.S.C. § 1915A[2].  The court is required to identify cognizable

claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28

U.S.C. § 1915A(b).  "The legal standard for dismissing a complaint for failure to

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for

dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (nonprecedential)

(citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon
as practicable after docketing, a complaint in a civil action in which a prisoner seeks
redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss
the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

## II.    **Factual Background**

In the complaint, Henareh names the following defendants: the United
States, Warden Arviza, Dr. Buschman, Dr. Cullen, and six John Doe prison
employees. (Doc. 1, at 2). Henareh alleges that defendants failed to protect him
from an assault by a fellow inmate. (Id. at 3-4). He further alleges that
defendants failed to provide adequate medical care for the injuries he sustained
during the assault. (Id. at 3, 5).

Henareh brings a claim against the United States under the FTCA, and
Bivens claims against the individual defendants for Eighth Amendment failure-to-
protect and Eighth Amendment inadequate medical care. (Id. at 4-6).

For relief, Henareh seeks monetary damages, as well as declaratory and
injunctive relief. (Id. at 6).

## III.    **Discussion**

A.    Bivens Claims

In Bivens, the Supreme Court recognized an implied damages remedy for a
Fourth Amendment violation committed by federal officials, whose conduct was
not encompassed by the statutory remedy available against state actors under
42 U.S.C. § 1983. See Bivens, 403 U.S. at 397. The availability of Bivens as a
cause of action is limited, and the United States Supreme Court "has plainly
counseled against creating new Bivens causes of action." Vanderklok v. United

<u>States</u>, 868 F.3d 189, 199 (3d Cir. 2017); <u>see</u> <u>also</u> <u>Hernandez v. Mesa</u>, 589 U.S. 93, 101-02 (2020) (stating that the "expansion of <u>Bivens</u> is a disfavored judicial activity," that "it is doubtful" that the outcome of <u>Bivens</u> would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under <u>Bivens</u>." (internal quotations marks and citations omitted)). Since <u>Bivens</u> was decided in 1971, the Supreme Court "has repeatedly refused to extend <u>Bivens</u> actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." <u>Vanderklok</u>, 868 F.3d at 200. The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) <u>Bivens</u> itself—a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, <u>Bivens</u>, 403 U.S. at 389; (2) a claim under the Fifth Amendment against a Congressman for firing his female secretary, <u>Davis v. Passman</u>, 442 U.S. 228 (1979); and (3) a claim under the Eighth Amendment against prison officials for failure to treat an inmate's asthma, <u>Carlson v. Green</u>, 446 U.S. 14 (1980).

The Supreme Court's decision in <u>Ziglar v. Abbasi</u>, 582 U.S. 120 (2017), sets forth a two-part test for determining whether a prospective <u>Bivens</u> claim may proceed. First, courts must ascertain whether the case presents a "new context."

4

Ziglar, 582 U.S. at 138.  If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court, "then the context is new."  Ziglar, 582 U.S. at 139.  And the meaning of "new context" is "broad."  Hernandez, 589 U.S. at 102.  Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy. Hernandez, 589 U.S. at 102.  This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 136).  If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie.  Egbert, 596 U.S. at 492 (quoting Hernandez, 589 U.S. at 102) (internal quotation marks omitted).

The Supreme Court decision in Egbert reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional—recognizing a new Bivens cause of action is "a disfavored judicial activity."  Egbert, 596 U.S. at 491 (quoting Ziglar, 582 U.S. at 135).  In a recent decision, the Third Circuit Court of Appeals analyzed Egbert and abrogated earlier decisions recognizing that its own extensions of Bivens were no longer tenable given recent Supreme Court decisions.  Fisher v.

5

Hollingsworth, 115 F.4th 197, 205-06 (3d Cir. 2024) (holding that the Supreme
Court decision in Egbert "seriously undermines the rationale of Bistrian [v. Levi,
912 F.3d 79 (3d Cir. 2018)] and Shorter [v. United States, 12 F.4th 366 (3d Cir.
2021)]"—cases involving inmate-on-inmate assault). The Fisher court explained
that Egbert "tightened the Ziglar test and, in doing so, made a strong statement
that lower courts should not extend Bivens beyond the contexts recognized in
Bivens, Davis, and Carlson." Fisher, 115 F.4th at 204. Egbert's "new
articulation" of the new context step of the Ziglar test "unequivocally narrows the
universe of relevant cases to just three," i.e., Bivens, Davis, and Carlson. Fisher,
115 F.4th at 204. In yet another recent decision, the Third Circuit Court of
Appeals expressly refused to extend Bivens to Eighth Amendment conditions of
confinement claims brought by federally convicted prisoners because the Eighth
Amendment claim was "far broader in scope than that in Carlson." Kalu v.
Spaulding, 113 F.4th 311, 338 (3d Cir. 2024). Mindful of these decisions, the
court proceeds with Ziglar's two-step analysis.

### 1.    New Context

As noted above, Henareh asserts two Bivens claims: (1) Eighth
Amendment failure-to-protect; and (2) Eighth Amendment inadequate medical
care.

Fisher and Kalu control the court's analysis of Henareh's claim that defendants failed to protect him from an inmate assault. Fisher holds that such a claim presents a new context for Bivens, and that Egbert abrogated the contrary holdings in Bistrian and Shorter. Fisher, 115 F.4th at 204-08. In Fisher, the Third Circuit specifically held "that there is no implied constitutional damages action against federal officials who fail to protect prisoners from the criminal acts of their fellow inmates." Fisher, 115 F.4th at 206. In Kalu, the Third Circuit found the failure-to-protect claim in that case to be a new Bivens context and that special factors were present and again held that "Bivens remedies are not available for Eighth Amendment…failure-to-protect claims in the prison setting." Kalu, 113 F.4th at 347 n.11.

Next, the court must determine whether a Bivens remedy exists for Henareh's deliberate indifference claim against the defendants based on their alleged failure to provide adequate medical treatment. In deciding whether Henareh's Bivens claims present a new context, the court must consider whether this case is "different in a meaningful way from previous Bivens cases decided" by the Supreme Court. See Ziglar, 582 U.S. at 139.

Initially, the court points out that Henareh's Bivens claims are dissimilar to Bivens itself and Davis. However, Henareh's Bivens claims bear some resemblance to Carlson, an Eighth Amendment lawsuit brought by a prisoner's

7

estate against prison officials for deliberate indifference to a serious medical

need. Carlson, 446 U.S. at 16 n.1. The instant action also alleges deliberate

indifference, but the similarities between Henareh's case and Carlson end there.

The complaint in Carlson alleged prison officials:

> being fully apprised of the gross inadequacy of medical facilities and
> staff at the Federal Correction Center in Terre Haute, Ind., and of the
> seriousness of [the prisoner's] chronic asthmatic condition,
> nonetheless kept him in that facility against the advice of doctors,
> failed to give him competent medical attention for some eight hours
> after he had an asthmatic attack, administered contra-indicated drugs
> which made his attack more severe, attempted to use a respirator
> known to be inoperative which further impeded his breathing, and
> delayed for too long a time his transfer to an outside hospital. The
> complaint further alleges that [the prisoner's] death resulted from
> these acts and omissions, that petitioners were deliberately indifferent
> to [his] serious medical needs, and that their indifference was in part
> attributable to racial prejudice.

446 U.S. at 17 n.1. These allegations are significantly different from Henerah's

allegations. For example, the prison officials did not act contrary to a doctor's

recommendations for treating Henareh; rather, Henareh alleges that medical staff

failed to refer him to an outside specialist, he has difficulty using his wheelchair,

and, that, although FCI-Allenwood is a Care Level 3 Facility for disabled inmates,

the facility is regularly locked-down and "not ready to provide extra care for sick

or disabled inmates." (Doc. 1, at 5). Unlike Carlson, the prison officials here did

not give "contra-indicated drugs" to Henareh, did not knowingly keep him in a

medical facility that was "grossly inadequate" and contrary to the doctor's orders,

and did not prescribe or use a medical instrument that was "known to be inoperative." Id. And, unlike this case, which was initiated by the inmate-plaintiff directly, the Carlson case was initiated by a deceased inmate's estate. Therefore, the administrative remedy program available to Henareh in the prison was not available to the inmate's estate in Carlson. The court finds that these differences distinguish this case from Carlson.

Moreover, the Supreme Court has stated that "[a] claim may arise in a new context *even if* it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." Hernandez v. Mesa, 589 U.S. 93, 102 (2020) (emphasis added). Indeed, given the "expressed caution about extending the Bivens remedy," even "significant parallels to one of the Court's previous Bivens cases" may not be enough to show that a case arises in the same context. Ziglar, 582 U.S. at 147. "Small" differences can "easily satisf[y]" the "new-context inquiry." Id. at 149; see also Fisher, 115 F.4th at 206 ("[A] case can differ meaningfully from Bivens, Davis, and Carlson even when it involves the same constitutional right as one of those cases.").

Hence, the court concludes that Henareh's claims present new contexts for Bivens liability.

### 2.    Special Factors

Having concluded that Henareh's claims present new contexts, the court must determine whether "there are any special factors that counsel hesitation" in extending <u>Bivens</u>.  <u>Hernandez</u>, 589 U.S. at 102 (internal quotation marks and alterations omitted) (quoting <u>Ziglar</u>, 582 U.S. at 136).  If a court "ha[s] reason to pause before applying <u>Bivens</u> in a new context or to a new class of defendants," then special factors counseling hesitation exist.  <u>Hernandez</u>, 589 U.S. at 102. The court's special factors analysis is controlled by <u>Fisher</u>.  In that case, the Third Circuit Court of Appeals recognized that the Bureau of Prisons' ("BOP") administrative remedy program is a special factor barring extension of the <u>Bivens</u> remedy to new contexts.  <u>Fisher</u>, 115 F.4th at 208; <u>see also</u> Kalu, 113 F.4th at 346 ("The BOP's [administrative remedy program] is an 'administrative review mechanism[ ]' established by the political branches that 'foreclose[s] the need to fashion a new, judicially crafted cause of action.'" (quoting <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 68 (2001)).  Therefore, the administrative remedy program bars this court from extending <u>Bivens</u> to the new contexts presented by Henareh's claims.

### B.    <u>Leave To Amend</u>

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment

unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cnty., 515 F.3d 224, 245 (3d Cir. 2008).  Because Henareh's Bivens claims fail as a matter of law, the court will deny leave to amend these claims as futile.

## IV.    Conclusion

The court will dismiss Henareh's Bivens claims with prejudice.  The court will also direct service of the FTCA claim on the United States.

An appropriate order follows.

Date: December 27, 2024

JUDGE JULIA K. MUNLEY
United States District Court

11