## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIAVOSH HENAREH, | : | No. 3:24cv2094 |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Siavosh Henareh ("Henareh"), an inmate in the custody of the

Federal Bureau of Prisons ("BOP"), filed this civil action against the United States

under the Federal Tort Claims Act ("FTCA")[1], and against nine individual

defendants pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau

of Narcotics, 403 U.S. 388 (1971)[2]. (Doc. 1). By memorandum and order dated

December 27, 2024, the court dismissed the Bivens claims against the individual

---

[1] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

[2] In Bivens, the United States Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.

defendants. (Docs. 7, 8). The only claim remaining for disposition is Henareh's FTCA claim against the United States.

Before the court is the United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 20). Henareh failed to respond to the motion and the time for responding has now passed.[3] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the court will grant the United States' motion.

## I. **Factual Background**

Henareh alleges that the nine individual defendants failed to protect him from an assault by a fellow inmate. (Doc. 1, at 4). He further alleges that the individual defendants failed to provide adequate medical care for the injuries he sustained during the assault. (Id. at 3, 5). Based on these allegations, Henareh sets forth a negligence claim against the United States under the FTCA. (Id. at 6). For relief, he seeks monetary damages, as well as declaratory and injunctive relief. (Id.).

On September 3, 2024, the Northeast Regional Office received Administrative Tort Claim Number TRT-NER-2024-08330, in which Henareh

---

[3] Henareh was directed to file a brief in opposition to the United States' motion to dismiss and was admonished that failure to file an opposition brief would result in the motion being deemed unopposed. (Doc. 22) (citing LOCAL RULE OF COURT 7.6).

requests damages in the amount of $50,000.00. (Doc. 21-4). In Administrative

Tort Claim Number TRT-NER-2024-08330, Henareh alleges that, beginning in

May of 2023, medical staff denied him his blood pressure medication, refused to

treat him with the correct medication, and failed to refer him to a doctor for his

high blood pressure. (Id.). On September 27, 2024, the Regional Office notified

Henareh that it received Administrative Tort Claim Number TRT-NER-2024-

08330 and advised that it has six months from the date of receipt to review,

consider, and adjudicate his claim. (Doc. 21-5).

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss an

action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Motions

brought under Rule 12(b)(1) may present either a facial or factual challenge to

the court's subject matter jurisdiction. Gould Elecs., Inc. v. United States, 220

F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge under Rule

12(b)(1), the standards associated with Rule 12(b)(6) are applicable. See id. In

this regard, the court must accept all factual allegations in the complaint as true,

and the court may consider only the complaint and documents referenced in or

attached to the complaint. In a factual challenge to the court's subject matter

jurisdiction, the court's analysis is not limited to the allegations of the complaint,

and the presumption of truthfulness does not attach to the allegations.

3

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Instead, the court may consider evidence outside the pleadings, including

affidavits, depositions, and testimony, to resolve any factual issues bearing on

jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

Once the court's subject matter jurisdiction over a complaint is challenged,

the plaintiff bears the burden of proving that jurisdiction exists. Mortensen, 549

F.2d at 891. If a dispute of material fact exists, "the court must conduct a plenary

hearing on the contested issues prior to determining jurisdiction." McCann v.

Newman Irrevocable Tr., 458 F.3d 281, 290 (3d Cir. 2006); see also Berardi v.

Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990) (stating that a

district court must ensure that a plaintiff has "had an opportunity to present facts

by affidavit or by deposition, or in an evidentiary hearing," to support his claim of

jurisdiction (citation omitted)).

## III.   **Discussion**

The United States asserts that the court lacks jurisdiction over Henareh's

FTCA claim because he did not file any administrative tort claims related to his

present claims before filing suit in this court. (Doc. 21). A prerequisite to suit

under the FTCA is that a claim must first be presented to the federal agency and

be denied by that agency. Specifically, the FTCA provides:

> An action shall not be instituted against the United States for money
> damages for injury or loss of property or personal injury…unless the

4

> claimant shall have first presented the claim to the appropriate
> Federal agency and his claim shall have been finally denied by the
> agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  "The statutory language is clear that a court does not have

jurisdiction before administrative remedies have been exhausted, and a court

must dismiss any action that is initiated prematurely."  Wilder v. Luzinski, 123 F.

Supp. 2d 312, 313 (E.D. Pa. 2000) (citing McNeil v. United States, 508 U.S. 106

(1993)).

 Thus, prior to commencing an FTCA action against the United States in

federal court, a plaintiff must "first present [ ] the claim to the appropriate [f]ederal

agency" and receive a final denial "by the agency in writing and sent by certified

or registered mail."  28 U.S.C. § 2675(a).  A claim is considered to be presented

when the federal agency receives written notification of the alleged tortious

incident and the alleged injuries, together with a claim for money damages in a

sum certain, in the form prescribed by the applicable federal regulations.  28

C.F.R. § 14.2(a).  If the receiving federal agency fails to make a final disposition

of the claim within six months from the time it is filed, that failure is "deemed a

final denial of the claim" for purposes of commencing suit under the FTCA.  28

U.S.C. § 2675(a).

 The Third Circuit has instructed that "[i]n light of the clear, mandatory

language of the statute, and [the] strict construction of the limited waiver of

5

sovereign immunity by the United States…the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat. State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989)).  The Supreme Court has likewise explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil, 508 U.S. at 113 (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed).  As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit.  See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

The BOP has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property.  See 28 C.F.R. §§ 543.30-543.32; BOP Program

6

Statement ("Program Statement") 1320.07.[4]  Specifically, BOP inmates may commence an administrative tort claim pursuant to the FTCA by filing a claim with the Regional Office.  See 28 C.F.R. § 543.31(c) and Program Statement 1320.07 at 3-4.  If the claim is denied, the inmate can "request, in writing, that the Bureau of Prisons reconsider [the] claim in the administrative stage."  28 C.F.R. § 543.32(g) and Program Statement 1320.07.  If the inmate is "dissatisfied with the final agency action," he may then file suit in federal court.  28 C.F.R. § 543.32(g) and Program Statement 1320.07 at 7.  "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

Here, the United States submitted the declaration of Ryan Kresock, a paralegal specialist at the Federal Correctional Institution, Allenwood, dated March 19, 2025.  (Doc. 21-2).  Kresock attests that, according to the BOP's computerized database, Henareh has filed one administrative tort claim, received by the BOP on September 3, 2024, for events beginning in May of 2023 wherein

---

[4]  Program Statement 1320.07 is available at http://www.bop.gov through the "Policy & Forms" link.

medical staff denied Henareh his blood pressure medication. (Doc. 21-2 ¶ 4; Doc. 21-4). Kresock attests that Henareh has not filed any administrative tort claims concerning the issues raised in the instant complaint—an assault by a fellow inmate and the alleged failure to provide adequate medical care for the injuries sustained during the assault. Henareh has not responded to the United States' motion. Nothing in the record before the court suggests that Henareh ever submitted an administrative tort claim to a federal agency regarding his present claims. Henareh, therefore, has not refuted the defense that he failed to properly exhaust his FTCA claim prior to filing suit in this court.

Henareh was required to file an administrative tort claim with the BOP concerning incidents alleged in the complaint and had to receive a final denial of his claims pursuant to 28 U.S.C. § 2675(a) *prior* to filing this lawsuit. Because he failed to do so, this court lacks jurisdiction over the claims. See Roma, 344 F.3d at 363 (noting "the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived."). Consequently, because the FTCA requires strict compliance with the statutory requirements prior to the initiation of an action in federal court, and this court cannot excuse compliance with those requirements, the United States' motion will be granted.

8

## IV.    Conclusion

Consistent with the foregoing, the court will grant the United States' motion to dismiss (Doc. 20) as the court does not have jurisdiction to hear Henareh's FTCA claim.  An appropriate order shall issue.


Date: April ⟨25⟩, 2025

JUDGE JULIA K. MUNLEY
United States District Court